UNITED STATES DISTRICT COURT
Southern District of Mississippi
Jackson Division

**AMERICAN TRAFFIC SOLUTIONS, LLC**
    **PLAINTIFF**

   v.                                          **CIVIL ACTION NO. 3:12CV296-HTW-LRA**

**STATE OF MISSISSIPPI, ET AL**
    **DEFENDANTS**

## AMERICAN TRAFFIC SOLUTIONS, LLC'S FIRST AMENDED CIVIL COMPLAINT

COMES NOW the Plaintiff, AMERICAN TRAFFIC SOLUTIONS, LLC, by and through counsel, and files this First Amended Civil Complaint against the Defendants, the STATE OF MISSISSIPPI and GOVERNOR PHIL BRYANT, in support thereof, would respectfully show unto the Court the following:

### INTRODUCTION

1. This lawsuit constitutes an "as applied" challenge to the legality and constitutionality of *Miss. Code Ann. § 17-25-19* under the United States and Mississippi Constitutions. This legislation began as State of Mississippi House Bill 1568, and was approved by Governor Haley Barbour on March 20, 2009 (see Exhibit A). This law was subsequently codified as *Miss. Code Ann. § 17-25-19* (see Exhibit B).

2. This lawsuit also seeks declaratory, injunctive, and compensatory relief to halt the application and/or enforcement of *Miss. Code Ann. § 17-25-19* to the contract by and between Plaintiff and the City of Jackson, Mississippi.

**PARTIES**

3.      Plaintiff AMERICAN TRAFFIC SOLUTIONS, LLC (hereinafter referred to as "ATS"), is a Delaware Limited Liability Company, registered as a foreign entity in the State of Mississippi, with its principal office address being 1330 West Southern Avenue, Tempe, Arizona 85282.  ATS is a worldwide provider of technology and business solutions for photographic traffic safety and electronic toll enforcement programs.

4.      The Defendants, the STATE OF MISSISSIPPI and GOVERNOR PHIL BRYANT have already made an appearance in this lawsuit.  Specifically, Defendants filed an Original Answer on May 3, 2012.

**JURISDICTION AND VENUE**

5.      This action arises under both the United States and Mississippi Constitutions. The Plaintiff is an entity formed under the laws of the State of Delaware with its principal place of business in the State of Arizona and licensed to conduct business in Mississippi.  The Defendants are the State of Mississippi and the Governor of the State of Mississippi.

6.      Venue is proper in this Court, because the Defendants' actions and conduct concerning the claims herein occurred within the Southern District of Mississippi.

**STATEMENT OF FACTS**

7.      On February 12, 2008, ATS entered into a Professional Services Agreement (hereinafter the "Agreement") with the City of Jackson, Mississippi (see Exhibit C).  According to the Agreement, ATS was to provide the "Axsis System to monitor traffic violations, traffic speed or other traffic movements and to issue citations for traffic violations."  As demonstrated below, the Agreement was unlawfully terminated as a result of the passage and enforcement of *Miss. Code Ann. § 17-25-19*.

8. The term of the Agreement was three years from the date of the first issued and payable notice of a violation. However, on July 2, 2009, Carrie Johnson, a Deputy City Attorney for the City of Jackson, informed ATS that the City was unable to "enforce its ordinance providing for automated enforcement of traffic signals due to the passage of House Bill #1568" (see Exhibit D). ATS was then asked to remove its equipment no later than September 20, 2009.[1]

## COUNT I – CONTRACTS CLAUSE OF THE U.S. CONSTITUTION

9. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

10. The enactment of *Miss. Code Ann. § 17-25-19*, substantially impaired and impeded the contractual relationship between Plaintiff and the City of Jackson, Mississippi, in violation of the Contracts Clause, Article I, Section 10, Clause 1, of the U.S. Constitution.

11. The U.S. Constitution, Article I, § 10, cl. 1 prohibits the state from enacting a law that impairs the obligation of contracts.

12. Since *Miss. Code Ann. § 17-25-19* has been applied to existing contracts, including the Agreement, then *Miss. Code Ann. § 17-25-19* has substantially impaired the Agreement. Indeed, the City of Jackson has ceased prosecuting certain violations as required under the otherwise existing, valid, and enforceable Agreement, and is causing ATS to lose substantial revenue.

13. *Miss. Code Ann. § 17-25-19* is causing this substantial impairment without rationally advancing a legitimate public purpose.

---

[1] The billing process actually started in October of 2008 and ended in April of 2009.

3

## COUNT II – TAKINGS CLAUSE OF THE
## 5TH AMENDMENT TO THE U.S. CONSTITUTION

14. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

15. The enactment of *Miss. Code Ann. § 17-25-19* substantially deprived Plaintiff of its personal property, real property, and/or capital investment interests without due process of law in violation of the Takings Clause of the 5TH Amendment to the U.S. Constitution.

## COUNT III – DUE PROCESS CLAUSE OF THE
## 14TH AMENDMENT TO THE U.S. CONSTITUTION

16. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

17. The enactment of *Miss. Code Ann. § 17-25-19* deprived Plaintiff of liberty and property interests without due process of law in violation of the Due Process Clause of the 14TH Amendment to the U.S. Constitution.

18. The U.S. Constitution, Amendment XIV, § 1 provide due process protection to persons against government action, including protection from legislation which is arbitrary or capricious or not rationally related to a legitimate governmental purpose.

19. *Miss. Code Ann. § 17-25-19* is arbitrary, capricious, and not rationally related to a legitimate governmental purpose. There is no rational basis for *Miss. Code Ann. § 17-25-19*. Rather, the legislation undermines Jackson's ability to advance the public health, safety, morals, and general welfare.

## COUNT IV – ARTICLE 3, SECTION 14, OF THE MISSISSIPPI CONSTITUTION

20. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

21. The enactment of *Miss. Code Ann. § 17-25-19* deprived Plaintiff of liberty and property interests without due process of law in violation of the Article 3, Section 14, of the Mississippi Constitution, "No person shall be deprived of life, liberty, or property except by due process of law."

## COUNT V – ARTICLE 3, SECTION 16, OF THE MISSISSIPPI CONSTITUTION

22. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

23. The enactment of *Miss. Code Ann. § 17-25-19* substantially impaired and impeded the contractual relationships between Plaintiff and the City of Jackson, Mississippi, in violation of the Article 3, Section 16, of the Mississippi Constitution, "Ex post facto laws, or laws impairing the obligation of contracts, shall not be passed."

## COUNT VI – ARTICLE 3, SECTION 17, OF THE MISSISSIPPI CONSTITUTION

24. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

25. The enactment of *Miss. Code Ann. § 17-25-19* deprived Plaintiff of private property without due compensation being first made in violation of the Article 3, Section 17, of the Mississippi Constitution, "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law…."

## COUNT VII – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

26. Plaintiff incorporates all of the allegations contained in the previous paragraphs of this First Amended Civil Complaint as though fully set forth herein.

27.     Plaintiff seeks declaratory, injunctive, and compensatory relief to halt the application and/or enforcement of *Miss. Code Ann. § 17-25-19* to the contract by and between Plaintiff and the City of Jackson, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks all of the relief plead herein, and further seeks all other legal and equitable relief to which it may show itself to be justly entitled.

Respectfully Submitted,

THE HARRION LAW FIRM

By: /s/ Reginald Paul Harrion
Reginald Paul Harrion, MS Bar #101053
THE HARRION LAW FIRM, PLLC
5760 I-55 North, Suite 300 (39211)
Post Office Box 2947
Jackson, Mississippi 39207-2947
Telephone: 601-956-9191
Facsimile: 866-774-5290
Email: Attorney@Harrionlaw.com

Attorney for Plaintiff

OF COUNSEL:

ANDY TAYLOR & ASSOCIATES, PC
Andy Taylor
State Bar No. Texas 19727600
2668 Highway 36 S, #288
Brenham, Texas 77833
Telephone: 713-222-1817
Facsimile:713-222-1855
Email: ataylor@andytaylorlaw.com

## Certificate of Service

I hereby certify that a true and correct copy of American Traffic Solutions, LLC's First Amended Civil Complaint has been served *via email,* on the following counsel of record on this 30th day of July, 2012.

Harold E. Pizzetta, III
Assistant Attorney General
Counsel for the State Defendants
Civil Litigation Division Office of the Attorney General
P.O. Box 220
Jackson, MS  39205
Telephone:  601-359-5654
e-mail:  hpizz@ago.state.ms.us

                                                          __/s/ Andy Taylor_____
                                                          Andy Taylor